FILED
JUL 17 2009
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re

CESAR BETANCOURT,

Debtor.

Case No. 09-10131-A-13

**FINDINGS OF FACT AND CONCLUSIONS OF LAW RE ORDER TO SHOW CAUSE DIRECTED TO WILLIAM E. EDWARDS, JR.**

A hearing was on April 9, 2009, on the court's order directed to William E. Edwards, Jr., to show cause why he should not be sanctioned and/or ordered to disgorge fees for failure to fulfill his professional oabligations in representing the debtor. Following the hearing, the court took the matter under submission. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined in 28 U.S.C. §157(b)(2).

The chapter 13 petition initiating this case was filed January 8, 2009. Edwards signed the petition as attorney for the debtor. The petition discloses that the debtor had filed a prior bankruptcy case in 2001 in the Central District of California. The petition fails to disclose that Betancourt, with Edwards as his attorney, had also filed a chapter 13 case on August 15, 2008, as Case No. 08-14931, in the Eastern District of California. That case was ultimately dismissed on October 14, 2008, within one year of the filing of the present case.

The Disclosure of Compensation of attorney for the debtor

filed in conjunction with the petition shows that prior to filing of the petition, the debtor paid Edwards the sum of $3,500 for "legal services for all aspects of the bankruptcy case." Paragraph 6 of the Disclosure of Compensation purports to exclude "representation in adversary and contested matters."

Because this is a chapter 13 case, the debtor and Edwards executed a "Rights and Responsibilities of Chapter 13 Debtors." That document was filed on January 8, 2009. It states that after the case is filed, the attorney agrees to provide the legal services that are specifically enumerated in the Rights and Responsibilities. Included in these legal services is the duty to represent the debtor in motions for relief from stay. Also included is the attorney's duty to provide "such other legal services as are necessary for the administration of the present case before the Bankruptcy Court." The Rights and Responsibilities indicates that Edwards had agreed to compensation of $3,500, none of which had been paid before the petition was filed. The Disclosure of Compensation required pursuant to Bankruptcy Code § 329(a) and Fed. R. Bankr. P. 2016(b) reflects that Betancourt had agreed to pay Edwards $3,500 but that no amount had been paid prior to the filing of the petition.

Because a prior case had been dismissed within one year of the filing of the petition, the automatic stay as to the debtor terminated thirty days after the date of filing the petition. 11 U.S.C. § 362(c)(3). Although the Bankruptcy Code provides the opportunity for a debtor in that circumstance to seek to extend the stay, Edwards never made such a motion.

A secured creditor, Karyn Cain, moved for relief from stay as to the chapter 13 trustee. Cain was aware that no stay was in place as to the debtor with respect to her.

A hearing was held on Cain's motion for relief from stay as to the trustee. The debtor, Cesar Betancourt, appeared. Edwards did not appear. The motion was granted as the trustee. It was moot as to the debtor, because the stay had already terminated as to the debtor. The hearing on this motion was March 12, 2009. Following the hearing, the court issued an Order to Show Cause to Edwards with respect to his failure to appear at the hearing on the motion for relief from stay.

At the hearing on the Order to Show Cause, Deanna Hazelton, the attorney for the chapter 13 trustee, testified. She testified that at the meeting of creditors under Bankruptcy Code § 341, the debtor asked if a foreclosure by Cain could take place now that the petition was filed. Edwards told the debtor not to worry because the stay was still in effect. Hazelton suggested that the debtor and Edwards double check that advice. Hazelton then telephoned the attorney for the secured creditor to state that it was the trustee's view that the stay was still in effect as to the trustee.

Edwards had a duty to represent Betancourt in connection with the motion for relief from stay. The outcome of that motion was crucial to any effort to confirm a plan in the chapter 13 case. Rule 83-182 of the United States District Court for the Eastern District of California, is incorporated as a local rule of this court by Local Rule 1001-1(c). That rule sets forth requirements for an attorney to withdraw from representing a

client. A noticed motion is required for an attorney to withdraw. No motion for authority to withdraw has been filed in this case. In this case, Edwards was responsible for representing Betancourt in connection with motions for relief from stay and should have known that it would be necessary to ask the court to extend the automatic stay with respect to the debtor.

Under the circumstances, the compensation received by Edwards exceeds the reasonable value of those services. It is appropriate to reduce the fee charged. See Bankruptcy Code § 329(b). However, in this case, no fee was ever paid to Edwards. The case was ultimately dismissed because the debtor had failed to make payments into the plan.

Edwards appeared in person at the hearing on the Order to Show Cause. This required a considerable trip, as his office is located in Bakersfield, California, and the court is located in Fresno, California. Under the circumstances, the court deems the time incurred by Edwards in attending the hearing on the Order to Show Cause a sufficient sanction for his failure to represent Betancourt in connection with the hearing on the motion for relief from stay.

A separate order will issue.

DATED: July 17, 2009

WHITNEY RIMEL, Judge
United States Bankruptcy Court

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA )
) ss.
COUNTY OF FRESNO )

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2656 U.S. Courthouse, 1130 O Street, Fresno, California, 93721. On July 17, 2009, I served the within document on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as follows:

William E. Edwards, Jr.
428 Chester Ave.
Bakersfield, CA 93301

Cesar Betancourt
1771 York Mountain Court
Tulare, CA 93274

Michael H. Meyer
Chapter 13 Trustee
P. O. Box 28950
Fresno, CA 93729-8950

Mark Pope, Esq.
Office of the United States Trustee
1401 U. S. Courthouse
2500 Tulare Street
Fresno, California 93721

I certify (or declare), under penalty of perjury, that the foregoing is true and correct. Executed on July 17, 2009, at Fresno, California.

Kathy Torres

Kathy Torres, PLS